IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH EUGENE WATERS, as an individual )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STERLING INFOSYSTEMS, INC., and )<br>DOES 1-10 INCLUSIVE )<br>)<br>Defendant. ) | CIVIL ACTION FILE NO.<br>_____ |

## COMPLAINT

Plaintiff KEITH EUGENE WATERS files this Complaint for Damages and Demand for a Jury Trial against Defendants STERLING INFOSYSTEMS, INC. and DOES 1-10 inclusive and respectfully shows the Court the following:

## NATURE OF THE ACTION

1. Defendant Sterling InfoSystems, Inc. ("Sterling") is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include information related to an applicant's criminal history.

2. Plaintiff applied for employment through Care.com, a company that provides staffing and outsourcing services for the healthcare market.

3. On or about January 2023, Care.com purchased a background check report on Plaintiff from Defendant in connection with Plaintiff's employment application. That report was a consumer report.

1

4. Defendant disclosed outdated criminal history related to Case Number: 2015A3310100506, Felony Drugs/Manufacture, Possession Of Other Substances in Schedule I, II, III Or Flunitrazepam Or Analogue, With Intent To Distribute – 1st Offense on the consumer reports provided to Care.com.

5. Defendant failed to disclose that Plaintiff had in fact been pardoned pursuant to S.C. Code Section 24-21-950 by The South Carolina Department of Probation, Parole, and Pardon Services for this crime, on December 1, 2021.

6. Defendant misreported the case such that the employers believed Plaintiff was convicted of a felony.

7. Plaintiff's account was suspended with Care.com, and he was unable to obtain employment through them.

8. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 et *seq*.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to report accurate information regarding criminal history is a clear violation of this statute.

9. Defendant did not have defined processes to verify the accuracy or current status of the public record information provided to Care.com, because information related to Plaintiff's criminal records is a matter of public record and easily verifiable with The South Carolina Department of Probation, Parole, and Pardon Services.

10. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes to employers and prospective employers is accurate and up to date.

11. As a direct result of Defendant's failure to verify public records, Plaintiff's opportunity to gain employment was denied with Care.com.

12. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denied employment opportunity.

13. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings and emotional distress. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

14. Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c), residing in Marion, South Carolina.

15. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. §1681(a)(f).

16. Defendant Sterling is a consumer reporting agency and holds headquarters at 1 State Street Plaza, 24th Floor, New York, NY 10004.

## JURISDICTION AND VENUE

17. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

18. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. § 1681e(b)

19. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

20. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to ensure maximum possible accuracy in the consumer report that it prepared regarding Plaintiff and provided to Care.com.

21. Defendant's conduct was willful and/or reckless because the information regarding Plaintiff is easily verifiable and was a matter of public record; Defendant had no procedure in place to review those records; Defendant had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); Defendant knew that its failure to accurate information regarding criminal records was insufficient to assure maximum possible accuracy of the criminal history information reported; and Defendant knew that consumers, like Plaintiff, would suffer adverse job action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

22. Plaintiff is further informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

23. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681e(b) were negligent.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681k(a)(2)

24. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

25. Plaintiff is informed and believes, and thereon alleges that Defendant willfully and/or recklessly (1) failed to follow strict procedures to ensure that the criminal history information in the consumer report that it provided to Care.com regarding Plaintiff was accurate and up to date, and (2) at the time such public record information was reported to Care.com, failed to notify Plaintiff of the fact that the public record information was being reported by Defendant,

together with the name and address of the person to whom such information is being reported, thereby violating 15 U.S.C. § 1681k.

26. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## THIRD CAUSE OF ACTION
## Violation of 15 U.S.C. § 1681g

27. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

28. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by not providing Plaintiff with her full file.

29. On or about January 2023, Plaintiff's counsel sent Sterling Infosystems, Inc. a file request pursuant to 15 USC 1681g(a)(1) to one of Defendant's stated addresses at 1 State Street Plaza, 24th Floor, New York, NY 10004.

30. To date, Plaintiff has never received a response from Sterling Infosystems, Inc.

31. Defendant's conduct was willful and/or reckless because it knew that its production of the full consumer report would result in meritorious litigation.

## PRAYER FOR RELIEF

a. The Court conduct a jury trial of all claims asserted herein.

b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of the lawsuit; and

   f. For such other orders of the Court and further relief as the Court deems just and proper.

This 30th day of December, 2024

| | |
|---|---|
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok *(Pro Hac Vice application forthcoming)*<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br><br>*Counsel for Plaintiff* |